Case: 66CI1:25-cv-00012    Document #: 1    Filed: 01/27/2025    Page 1 of 2

## COVER SHEET

**Civil Case Filing Form**

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court          Form AOC/01
Administrative Office of Courts          (Rev 2016)

**Court Identification Docket #**

| 6 | 6 | C | I | 1 |
|---|---|---|---|---|

County #  Judicial District  Court ID (CH, CI, CO)

| 0 | 1 | 2 | 7 | 2 | 5 |
|---|---|---|---|---|---|

Month  Date  Year

This area to be completed by clerk

**Case Year:** 2025

**Docket Number:** 0 0 0 1 2

Local Docket ID

Case Number if filed prior to 1/1/94

In the **CIRCUIT**          Court of **STONE**          County — **FIRST**          Judicial District

**Origin of Suit (Place an "X" in one box only)**

[X] Initial Filing    [ ] Reinstated    [ ] Foreign Judgment Enrolled    [ ] Transfer from Other court    [ ] Other
[ ] Remanded    [ ] Reopened    [ ] Joining Suit/Action    [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual** Sanders          Tina          M

Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

[X] Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of **Rosemary Riels**

[ ] Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

[ ] Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**

**Attorney (Name & Address)** Brennan J. Ducote Esq. 4450 Old Canton Rd. Suite 200; Jackson, MS 39211          **MS Bar No.** 106470

[ ] Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**FILED**

JAN 27 2025

STONE COUNTY, MS
TREBIE DAVIS CIRCUIT CLERK
BY _____ D.C.

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

**Individual**

Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

[ ] Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

[ ] Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business** Wal-Mart Stores East, LP

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

[ ] Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A **Wal-Mart**

**Attorney (Name & Address) - If Known** Brennan J. Ducote          **MS Bar No.** 106470

[ ] Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [X] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | | [ ] Other | [ ] Subrogation |
| | | | [X] Wrongful Death |
| | | | [ ] Other |

(Top right of Nature of Suit section:)
[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

**EXHIBIT A**

IN THE CIRCUIT_____ COURT OF STONE_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. 2025 - 00012      0601 CI      Docket No. if Filed    **FILED**
    File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs/Pages   JAN 27 2025
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

STONE COUNTY, MS
TREBLA E. DAVIS, CIRCUIT CLERK
BY _Deana Bull_

**Plaintiff #2:**

**Individual**: _Rouse_____          _Joanna_____      ( _____ )  _____  _____
              Last Name                First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

✔ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _Rosemary Riels_____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual**: _Lee_____          _Stephen_____      ( _____ )  _____  _____
              Last Name                First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

✔ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _Rosemary Riels_____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _Brennan J. Ducote_____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual**: _____          _____      ( _____ )  _____  _____
              Last Name                First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

# IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

**TINA M. SANDERS AND JOANNA**              **PLAINTIFFS**
**LEE ROUSE AS CO-EXECUTRIXES**
**OF THE ESTATE OF ROSEMARY**
**E. RIELS; AND STEPHEN LEE,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL KNOWN AND UNKNOWN**
**WRONGFUL DEATH**
**BENEFICIARIES OF ROSEMARY E.**
**RIELS, DECEASED**





FILED
JAN 27 2025
STONE COUNTY, MS
TREBA_ DAVIS, CIRCUIT CLERK
BY _____ D.C.

**VS.**

**WAL-MART STORES EAST, LP;**         **CIVIL ACTION NO.** 6601-2025-12
**AND JOHN DOES 1-10**

                                                            **DEFENDANTS**

## COMPLAINT WITH DISCOVERY ATTACHED
## (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiffs, Tina M. Sanders and Joanna Lee Rouse as Co-Executrixes of the Estate of Rosemary E. Riels; and Stephen Lee, Individually, and on behalf of all known and unknown wrongful death beneficiaries of Rosemary E. Riels, deceased, and file this Complaint against the Defendant, Wal-Mart Stores East, LP, and John Does 1-10, and would show unto the Court as follows:

1.

Plaintiffs, Tina M. Sanders and Joanna Lee Rouse are the Co-Executrixes of the Estate of Rosemary E. Riels, and are both adult residents of Harrison County, Mississippi.

2.

Plaintiff, Stephen Lee, is a surviving child of Rosemary Riels, deceased. Plaintiff, Stephen

1

Lee, is an adult resident citizen of Stone County, Mississippi. Rosemary Riels passed away at

Gulfport Memorial Hospital on February 15, 2023, in Gulfport, Harrison County, Mississippi.

Plaintiff, Stephen Lee, brings this action individually and on behalf of all known and

unknown wrongful death beneficiaries that are entitled to collect under Mississippi law and the

Mississippi Wrongful Death Statute for the wrongful death of Rosemary Riels, deceased, and seeks

to recover damages for the full value of the life of Rosemary Riels, deceased.

3.

The Defendant, Wal-Mart Stores East, LP, is a Limited Partnership incorporated in the

State of Delaware, its principal office in Arkansas, and doing in the State of Mississippi, whose

agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite

101, Flowood, Mississippi 39232 or wherever they may be found.

4.

Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or

involvement are at this time unknown to the Plaintiff but who may be added at a later date. John

Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals

of the Defendants and/or other person, entities, and/or corporations that were in some manner

involved in the operation of this store and/or responsible for cleaning this store and making certain

it was safe for patrons and/or who were negligently and proximately responsible for the events and

happenings alleged in this Complaint and for Plaintiff's injuries and damages.

5.

This Court has jurisdiction of the parties and the subject matter of this action. Venue is

proper as this civil action arises out of negligence acts and omissions committed in Stone County,

2

Mississippi, and the cause of action occurred and/or accrued in Stone County, Mississippi.

6.

The Plaintiff adopts and herein incorporates by reference each and every allegation as set forth above.

7.

At all times mentioned in this Complaint, the Defendants managed, leased, owned and/or operated the Wal-Mart store at 1053 E. Frontage Drive, Wiggins, MS 39577 (hereinafter "Walmart" or "store").

8.

At all times mentioned in this Complaint, the Deceased was lawfully on the property of the Wal-Mart store located at 1053 E. Frontage Drive, Wiggins, MS 39577 for reasons mutually advantageous to both the Defendant and Plaintiff.

9.

On or about January 27, 2022, Plaintiff, Rosemary Riels, Deceased, was shopping at the Defendant's store located within the geographical boundaries of Stone County, Mississippi, located at 1053 E. Frontage Drive, Wiggins, MS 39577. During her visit, the Deceased entered into the women's restroom when suddenly and without warning, she slipped and fell due to an accumulation of water on the floor causing Plaintiff to sustain injuries including, but not limited to, a left femur fracture.

10.

**COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS**

3

Plaintiff realleges and reasserts, the allegations contained within paragraphs one (1) through nine (9) as if fully set forth herein.

### 11.

At said time and place, the Defendant as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

### 12.

At said time and place, the Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)  Negligently failing to maintain or adequately maintain the restroom floor to make sure it was free from slip and fall hazards, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)  Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)  Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the wet floor, which was poorly maintained, constituted a hazard to persons, including the Plaintiff herein, thus creating an unreasonably dangerous condition for the Plaintiff;

d)  Negligently failing to correct, inspect, maintain, repair, and/or replace the unreasonably dangerous condition of the restroom floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

4

e)   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the restroom floor for dangerous conditions, which were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)   Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises restroom floor for dangerous conditions;

g)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)   Negligently failing to act reasonably under the circumstances;

i)   Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

k)   Negligently failing to maintain and provide a safe store floor surface within the subject premises.

13.

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANTS

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through twelve (12) as if fully set forth herein.

14.

At said time and place, Defendant owned, controlled, and/or possessed the business premises.

15.

5

At said time and place, and by virtue of its ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

16.

At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the restroom floor to make sure they were free from slip and fall hazards, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the wet floor, which was poorly maintained, constituted a hazard to persons, including the Plaintiff herein, thus creating an unreasonably dangerous condition for the Plaintiff;

d) Negligently failing to correct, inspect, maintain, repair, and/or replace the unreasonably dangerous condition of the restroom floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the restroom floor for dangerous conditions, which were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises restroom floor for dangerous conditions;

6

g)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)    Negligently failing to act reasonably under the circumstances;

i)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

k)    Negligently failing to maintain and provide a safe store floor surface within the subject premises.

17.

Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

(a.)    Emotional and mental anguish and suffering;

(b.)    Loss of enjoyment of life;

(c.)    Medical and related expenses;

(d.)    Funeral and burial expenses;

(e.)    Loss of retirement benefits;

(f.)    Conscious pain and suffering of Rosemary Riels;

(g.)    Attorneys' fees;

(h.)    Pre-judgment interest;

(i.)    Post-judgment interest;

(j.)    All costs of court; and

(k.)    All other damages recoverable under Mississippi law under the

Mississippi Wrongful Death Statute and/or recoverable by the Estate in a survival action to be shown at the trial of this matter.

18.

All of the averments contained in Paragraphs 1 through 17 are incorporated herein by reference as if fully set forth below.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff brings suit and demands judgment of and from the Defendant in an amount that will adequately and fairly compensate the Plaintiffs and the wrongful death beneficiaries of Rosemary Riels, Deceased, for all aspects of the injuries and damages suffered, and for damages, together, with all costs for bringing this action, and any other relief to which they may be entitled under Mississippi Law.

RESPECTFULLY SUBMITTED, this the _23rd_ day of January 2025.

> **PLAINTIFFS, TINA M. SANDERS AND JOANNA LEE ROUSE AS CO-EXECUTRIXES OF THE ESTATE OF ROSEMARY E. RIELS; AND STEPHEN LEE, INDIVIDUALLY AND ON BEHALF OF ALL KNOWN AND UNKNOWN WRONGFULL DEATH BENEFICIARIES OF ROSEMARY E. RIELS, DECEASED**

BY: _____
BRENNAN J. DUCOTE, Esq.

OF COUNSEL:

BRENNAN J. DUCOTE (MSB# 106470)
MORGAN AND MORGAN, PLLC
4450 OLD CANTON ROAD, SUITE 200

8

JACKSON, MISSISSIPPI 39211
TELEPHONE: (769) 209-6454
FACSIMILE: (769)209-6554
bducote@forthepeople.com
*Attorney for Plaintiffs*

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

TINA M. SANDERS AND
JOANNA LEE ROUSE AS
CO-EXECUTRIXES OF THE ESTATE
OF ROSEMARY E. RIELS; AND
STEPHEN LEE, INDIVIDUALLY AND
ON BEHALF OF ALL KNOWN AND
UNKNOWN WRONGFUL DEATH
BENEFICIARIES OF ROSEMARY E. RIELS,
DECEASED                                                  PLAINTIFFS

VS.                                     CAUSE NO.: 6601-2025-12

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10                                        DEFENDANT(S)

## SUMMONS

STATE OF MISSISSIPPI
COUNTY OF STONE

> TO:   Wal-Mart Stores East, LP
> Attn: C. T. Corporation System
>       645 Lakeland East Drive, Suite 101
>       Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

## THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to Brennan J. Ducote, Esq, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 27th day of January 2025.

**HONORABLE TREBA DAVIS**
**STONE COUNTY CIRCUIT CLERK**

By: _____

### PROOF OF SERVICE

TO:    Wal-Mart Stores East, LP
Attn:  C. T. Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi 39232

     I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

     _____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

     _____ **PERSONAL SERVICE**. I personally delivered copies of the Summons/Complaint to _____ on the _____ day of _____, 20\_\_\_\_ where I found said person(s) in _____ County of the State of Mississippi.

     _____ **RESIDENCE SERVICE**. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 20\_\_\_\_, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 20\_\_\_\_, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

     _____ **CERTIFIED MAIL SERVICE**. By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

     At the time of service I was at least 18 years of age and not a party to this action.

NAME: _____
ADDRESS: _____ _____
_____ _____
TELEPHONE: _____

**STATE OF MISSISSIPPI**
**COUNTY OF** _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
**Process Server (signature)**

Sworn to and subscribed before me this the _____ day of _____, 20\_\_\_\_.

My Commission Expires:

_____
                        _____
                        Notary Public

Case 1:25-cv-00227-LG-BWR   Document 1-1   Filed 07/18/25   Page 14 of 37
Case: 66CI1:25-cv-00012   Document #: 5   Filed: 04/22/2025   Page 1 of 2
Case: 66CI1:25-cv-00012   Document #: 3   Filed: 01/27/2025   Page 1 of 2

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

**TINA M. SANDERS AND
JOANNA LEE ROUSE AS
CO-EXECUTRIXES OF THE ESTATE
OF ROSEMARY E. RIELS; AND
STEPHEN LEE, INDIVIDUALLY AND
ON BEHALF OF ALL KNOWN AND
UNKNOWN WRONGFUL DEATH
BENEFICIARIES OF ROSEMARY E. RIELS,
DECEASED**

**PLAINTIFFS**

VS.

CAUSE NO.: 6601-2025-12

**WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10**

**DEFENDANT(S)**

## SUMMONS

**STATE OF MISSISSIPPI
COUNTY OF STONE**

TO:    Wal-Mart Stores East, LP
Attn:  C. T. Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to Brennan J. Ducote, Esq, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 27th day of January 2025.

Case 1:25-cv-00227-LG-BWR    Document 1-1    Filed 07/18/25    Page 15 of 37

Case: 66CI1:25-cv-00012    Document #: 5    Filed: 04/22/2025    Page 2 of 2
Case: 66CI1:25-cv-00012    Document #: 3    Filed: 01/27/2025    Page 2 of 2

HONORABLE TREBA DAVIS
STONE COUNTY CIRCUIT CLERK

By: _____

## PROOF OF SERVICE

TO:    Wal-Mart Stores East, LP
Attn:    C. T. Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

_____ **PERSONAL SERVICE**. I personally delivered copies of the Summons/Complaint to _Matt Thibodeaux_ on the _16_ day of _April_, 20_25_ where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE**. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE**. By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

At the time of service I was at least 18 years of age and not a party to this action.

NAME: _James A. Cornelius_
ADDRESS: _529 Hilandale Dr._
_Jackson, MS. 39212_
TELEPHONE: _601-937-5959_

**STATE OF MISSISSIPPI**
**COUNTY OF** _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _James A. Cornelius_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the _16_ day of _April_, 20_25_

My Commission Expires:
_12-08-2027_

ID # 168618
JERRY BONDS
Commission Expires
Dec. 8, 2027

_____
Notary Public

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

| | |
|---|---|
| TINA SANDERS AND JOANNA LEE | * |
| ROUSE AS CO-EXECUTRIXES OF THE | * |
| ESTATE OF ROSEMARY E. RIELS; AND | * |
| STEPHEN LEE, INDIVIDUALLY AND | * |
| ON BEHALF OF ALL KNOWN AND | * |
| UNKNOWN WRONGFUL DEATH | * |
| BENEFICIARIES, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CASE NO. 66CI1:25-CV-00012 |
| | * |
| WALMART STPRES EAST, LP; | * |
| AND JOHN DOES 1-10, | * |
| | * |
| | * |
| Defendants. | * |

## ANSWER

Defendant WAL-MART STORES EAST, LP, (hereinafter "Wal-Mart"), responds to the allegations of Plaintiff's Complaint as follows, with each numbered paragraph corresponding to those of Plaintiff's Complaint:

### 1.

Wal-Mart is without knowledge and information sufficient to form a belief as to the individuals identified as Co-executrixes of the estate of Rosemary E. Riels or their ages or residency but, at this time, admits the same.

### 2.

Wal-Mart is without knowledge and information sufficient to form a belief as to Stephen Lee's relationship with Rosemary E. Riels, his age or residency, or the information relating to Rosemary E. Riels but, at this time, admits the same.

Walmart is without knowledge and information sufficient to form a belief as to the allegations in unnumbered paragraph following paragraph 2, but denies Plaintiffs are entitled to any relief in this matter.

**3.**

Wal-Mart Stores East, LP admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent, and that at all times pertinent herein, it was the operator of the premises where this incident allegedly occurred in Stone County, Mississippi.

4.

As this paragraph is not directed towards Wal-Mart, no response from Wal-Mart is required. Wal-Mart denies that its owners, operators, managers, or any entity or individual affiliated with Wal-Mart were negligent or committed acts which proximately caused this incident and demands strict proof thereof. Wal-Mart denies the remaining allegations of this lawsuit and demands strict proof thereof.

**5.**

Wal-Mart admits that, at the present time, this Court has jurisdiction of this matter and venue is proper. Wal-Mart denies that it committed negligent acts or omissions in Stone County, Mississippi, and denies Plaintiffs are entitled to any recovery in this matter and demands strict proof thereof.

**6.**

Wal-Mart adopts and incorporates by reference the previous paragraphs as if set forth fully herein.

7.

Wal-Mart admits that at all times pertinent herein, it was the operator of the premises where this incident allegedly occurred in Wiggins, Mississippi. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

8.

Wal-Mart admits that Rosemary Riels was present at Wal-Mart store in Wiggins, Mississippi on January 27, 2022, and was involved in an incident. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning the purpose for her presence on the premises, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

9.

Wal-Mart admits that Rosemary Riels was present at Wal-Mart store in Wiggins, Mississippi on January 27, 2022, and was involved in an incident. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations purpose of her presence on the premises, or the details of the incident or the allegations relating to Plaintiff's alleged injuries and/or damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT I: PREMISES LIABILTY

10.

Wal-Mart adopts and incorporates by reference the previous paragraphs as if set forth fully herein.

11.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

12.

Wal-Mart denies it breached any duty owed to Plaintiff, and specifically denies all allegations in subparts a) through k) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT II: NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE

13.

Wal-Mart adopts and incorporates by reference the previous paragraphs as if set forth fully herein.

14.

Wal-Mart admits that at all times pertinent herein, it was the operator of the premises where this incident occurred in Stone County, Mississippi. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

15.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.

Wal-Mart denies it breached any duty owed to Plaintiff, and specifically denies all allegations in subparts a) through k) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

17.

Wal-Mart denies it breached any duty owed to Rosemary E, Riels, and denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's alleged injuries and damages, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages and, therefore, must deny all allegations in subparts a) through k) and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

18.

Wal-Mart adopts and incorporates by reference the previous paragraphs as if set forth fully herein.

As to the unnumbered paragraph following paragraph 18 which begins "WHEREFORE," Wal-Mart denies that Plaintiffs are entitled to any recovery in this matter and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.     Defendant denies each and every material allegation of Plaintiffs' Complaint not heretofore admitted and demand strict proof thereof.

2.     Plaintiffs' Complaint fails to state a claim against Wal-Mart on which relief can be granted.

3.     Rosemary E. Riels was guilty of negligence that caused or contributed to cause the injuries about which she complains, and, therefore, under Mississippi law, Plaintiffs are not entitled to recover any damages or any recovery should be reduced appropriately.

4.     The alleged hazard about which Plaintiffs complain was open and obvious, precluding Plaintiffs from recovering damages under Mississippi law and/or obviating any duty to warn of any alleged hazard.

5.     Defendant did not have notice of the alleged hazard about which Plaintiffs complain, and therefore, under Mississippi law Defendant owed Plaintiffs no duty to eliminate the alleged hazard.

6.     No act or omission of this Defendant was the proximate cause of any injury to Plaintiffs.

7.     Defendant owed Plaintiffs no duty as alleged.

8.      Plaintiffs' claims are barred, in whole or in part, because Rosemary E. Riels failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

9.      Plaintiffs' injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiffs should not recover from Wal-Mart.

10.     Wal-Mart had no knowledge of the alleged defect or condition Plaintiffs allege to have been the cause of their injuries; therefore, Plaintiffs should not recover from Wal-Mart.

11.     Plaintiffs, in whole or in part, failed to mitigate their alleged damages, and therefore are precluded from recovery.

12.     Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiffs from any and all collateral sources.

13.     Plaintiffs' alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this Defendant.

14.     The applicable statute of limitations has expired in this matter, and this matter is therefore due to be dismissed.

15.     Walmart adopts and incorporates by reference all defenses available pursuant to The Mississippi Wrongful Death Statute and all other applicable laws and statutes of the State of Mississippi.

16.     Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
 mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-7994


<u>CERTIFICATE OF SERVICE</u>


I hereby certify that I have on this day May 16, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.


Brennan J. Ducote
Morgan & Morgan, PLLC
4450 Old Canton Road
Suite 200
Jackson, MS 39211


/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

| | |
|---|---|
| TINA SANDERS AND JOANNA LEE | * |
| ROUSE AS CO-EXECUTRIXES OF THE | * |
| ESTATE OF ROSEMARY E. RIELS; AND | * |
| STEPHEN LEE, INDIVIDUALLY AND | * |
| ON BEHALF OF ALL KNOWN AND | * |
| UNKNOWN WRONGFUL DEATH | * |
| BENEFICIARIES, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *      CASE NO. 66CI1:25-CV-00012 |
| | * |
| WALMART STORES EAST, LP; | * |
| AND JOHN DOES 1-10, | * |
| | * |
| | * |
|     Defendants. | * |

## NOTICE OF SERVICE OF DISCOVERY

Defendant, WALMART STORES EAST, L.P, has served Plaintiff with the following discovery materials:

1. Defendant's First Interrogatories to Plaintiff.

        */s/ W. Pemble DeLashmet*
        W. PEMBLE DELASHMET (MS 8840)
        wpd@delmar-law.com
        CHAD C. MARCHAND (MS 102752)
        ccm@delmar-law.com
        MIGNON M. DELASHMET  (MS 2896)
        mmd@delmar-law.com
        *Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day May 21, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Brennan J. Ducote
Morgan & Morgan, PLLC
4450 Old Canton Road
Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

TINA SANDERS AND JOANNA LEE                     *
ROUSE AS CO-EXECUTRIXES OF THE                  *
ESTATE OF ROSEMARY E. RIELS; AND                *
STEPHEN LEE, INDIVIDUALLY AND                   *
ON BEHALF OF ALL KNOWN AND                      *
UNKNOWN WRONGFUL DEATH                          *
BENEFICIARIES,                                  *
                                                *
    Plaintiff,                                      *
                                                *
vs.                                             *          CASE NO. 66CI1:25-CV-00012
                                                *
WALMART STORES EAST, LP;                        *
AND JOHN DOES 1-10,                             *
                                                *
                                                *
    Defendants.                                    *

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

Defendant, WALMART STORES EAST, L.P, has served Plaintiff with the following discovery materials:

1. Defendant's First Request for Production to Plaintiff.

                                       */s/ W. Pemble DeLashmet*
                                       W. PEMBLE DELASHMET (MS 8840)
                                       wpd@delmar-law.com
                                       CHAD C. MARCHAND (MS 102752)
                                       ccm@delmar-law.com
                                       MIGNON M. DELASHMET  (MS 2896)
                                        mmd@delmar-law.com
                                       *Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day May 21, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Brennan J. Ducote
Morgan & Morgan, PLLC
4450 Old Canton Road
Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

| | |
|---|---|
| TINA SANDERS AND JOANNA LEE | * |
| ROUSE AS CO-EXECUTRIXES OF THE | * |
| ESTATE OF ROSEMARY E. RIELS; AND | * |
| STEPHEN LEE, INDIVIDUALLY AND | * |
| ON BEHALF OF ALL KNOWN AND | * |
| UNKNOWN WRONGFUL DEATH | * |
| BENEFICIARIES, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *    CASE NO. 66CI1:25-CV-00012 |
| | * |
| WALMART STORES EAST, LP; | * |
| AND JOHN DOES 1-10, | * |
| | * |
| | * |
|     Defendants. | * |

## NOTICE OF SERVICE OF DISCOVERY

Defendant, WALMART STORES EAST, L.P, has served Plaintiff with the following discovery materials:

1. Defendant's Request for Admissions to Plaintiff.

> */s/ W. Pemble DeLashmet*
> W. PEMBLE DELASHMET (MS 8840)
> wpd@delmar-law.com
> CHAD C. MARCHAND (MS 102752)
> ccm@delmar-law.com
> MIGNON M. DELASHMET  (MS 2896)
>  mmd@delmar-law.com
> *Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-7994

## CERTIFICATE OF SERVICE

        I hereby certify that I have on this day May 21, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Brennan J. Ducote
Morgan & Morgan, PLLC
4450 Old Canton Road
Suite 200
Jackson, MS 39211

/s/ W. Pemble DeLashmet
OF COUNSEL

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

**TINA M. SANDERS AND JOANNA**      **PLAINTIFFS**
**LEE ROUSE AS CO-EXECUTRIXES**
**OF THE ESTATE OF ROSEMARY**
**E. RIELS; AND STEPHEN LEE,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL KNOWN AND UNKNOWN**
**WRONGFUL DEATH**
**BENEFICIARIES OF ROSEMARY E.**
**RIELS, DECEASED**

**VS.**           **CAUSE NO.: 6601-2025-12**

**WAL-MART STORES EAST, LP**
**AND JOHN DOES 1-10**        **DEFENDANT(S)**

### NOTICE OF SERVICE

   COMES NOW PLAINTIFFS, by and through their undersigned counsel, and gives notice

of service of the following:

  1. *Plaintiff's First Set of Interrogatories Propounded to Defendant Wal-Mart Stores*
    *East, LP; and*

  2. *Plaintiff's First Set of Requests for Production of Documents Propounded to the*
    *Defendant Wal-Mart Stores East, LP.*

  **RESPECTFULLY SUBMITTED,** this 22nd day of May 2025.

          **TINA M. SANDERS AND JOANNA LEE**
          **ROUSE AS CO-EXECUTRIXES OF**
          **THE ESTATE OF ROSEMARY E.**
          **RIELS; AND STEPHEN LEE,**
          **INDIVIDUALLY AND ON BEHALF OF**
          **ALL KNOWN AND UNKNOWN**
          **WRONGFUL DEATH BENEFICIARIES**
          **OF ROSEMARY E. RIELS, DECEASED**
          **, PLAINTIFF**

      BY: */s/ Brennan J. Ducote*_____
         BRENNAN J. DUCOTE, ESQ.

OF COUNSEL:

MORGAN & MORGAN, PLLC
Brennan J. Ducote (MSB# 106470)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (769) 209-6454
Facsimile: (769) 209-6554
Email: bducote@forthepeople.com

## **CERTIFICATE OF SERVICE**

I, Brennan J. Ducote, attorney for Plaintiff, hereby certify that I have this day served

via E-Mail, a true and correct copy of the above and foregoing document to the following:

*W. Pemble Delashmet (MSB# 8840)*
*Chad C. Marchand (MSB#102752)*
*Mignon M. Delashmet (MSB#2896)*
*DELASHMET & MARCHAND, P.C.*
*Post Office Box 2047*
*Mobile, AL 36652*
*Telephone: (251) 433-1577*
*Facsimile: (251) 433-7994*
*wpd@delmar-law.com*
*ccm@delmar-law.com*
*mmd@delmar-law.com*
*Attorney(s) for the Defendant*

THIS, the 22nd day of May 2025.

*/s/ Brennan J. Ducote*_____
BRENNAN J. DUCOTE

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

**TINA M. SANDERS AND JOANNA**                                    **PLAINTIFFS**
**LEE ROUSE AS CO-EXECUTRIXES**
**OF THE ESTATE OF ROSEMARY**
**E. RIELS; AND STEPHEN LEE,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL KNOWN AND UNKNOWN**
**WRONGFUL DEATH**
**BENEFICIARIES OF ROSEMARY E.**
**RIELS, DECEASED**

**VS.**                                             **CAUSE NO.: 6601-2025-12**

**WAL-MART STORES EAST, LP**
**AND JOHN DOES 1-10**                                    **DEFENDANT(S)**

### NOTICE OF SERVICE

COMES NOW, PLAINTIFFS, by and through their undersigned counsel, and gives notice

of service of the following:

1. *Plaintiff's Responses to Defendant Wal-Mart Stores East, LP Request First Set of Request for Admissions.*

**RESPECTFULLY SUBMITTED,** this 20th day of June 2025.

> **TINA M. SANDERS AND JOANNA**
> **LEE ROUSE AS CO-EXECUTRIXES**
> **OF THE ESTATE OF ROSEMARY**
> **E. RIELS; AND STEPHEN LEE,**
> **INDIVIDUALLY AND ON BEHALF**
> **OF ALL KNOWN AND UNKNOWN**
> **WRONGFUL DEATH**
> **BENEFICIARIES OF ROSEMARY E.**
> **RIELS, DECEASED, PLAINTIFF**

> BY:    */s/Brennan J. Ducote*
>             BRENNAN J. DUCOTE, ESQ.

OF COUNSEL:

MORGAN & MORGAN, PLLC
BRENNAN DUCOTE (MSB# 106470)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (769) 209-6454
Facsimile: (769) 209-6554
Email: bducote@forthepeople.com

## **CERTIFICATE OF SERVICE**

I, Brennan J. Ducote, attorney for Plaintiff, hereby certify that I have this day served

via E-Mail, a true and correct copy of the above and foregoing document to the following:

*W. Pemble Delashmet (MSB# 8840)*
*Chad C. Marchand (MSB#102752)*
*Mignon M. Delashmet (MSB#2896)*
*DELASHMET & MARCHAND, P.C.*
*Post Office Box 2047*
*Mobile, AL 36652*
*Telephone: (251) 433-1577*
*Facsimile: (251) 433-7994*
*wpd@delmar-law.com*
*ccm@delmar-law.com*
*mmd@delmar-law.com*
*Attorney(s) for the Defendant*

THIS, the 20th day of June 2025.

*/s/Brennan J. Ducote*
BRENNAN J. DUCOTE, Esq.

## IN THE CIRCUIT COURT OF STONE COUNTY, MISSISSIPPI

TINA SANDERS AND JOANNA LEE                    *
ROUSE AS CO-EXECUTRIXES OF THE
ESTATE OF ROSEMARY E. RIELS; AND
STEPHEN LEE, INDIVIDUALLY AND
ON BEHALF OF ALL KNOWN AND
UNKNOWN WRONGFUL DEATH
BENEFICIARIES
                                               *
       Plaintiff,                           *
                                               *
vs.                                            *        CASE NO. 66CI1:25-CV-00012
                                               *
WALMART STORES EAST, LP;                       *
AND JOHN DOES 1-10                             *
                                               *
                                               *
       Defendants.                          *


## <u>NOTICE OF REMOVAL</u>


TO:    Treba Davis, Circuit Clerk
        STONE COUNTY-CIVIL DIVISION
        323 E. Cavers Avenue
        Wiggins, MS  39577

       There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-

MART STORES EAST, L.P. ("Wal-Mart") through undersigned counsel, in the case styled

*"Tina M. Sanders and Joanna Lee Rouse as Co-Executrixes of the Estate of Rosemary E. Riels;*

*and Stephen Lee, individually and on behalf of all known and unknown wrongful death*

*beneficiaries of Rosemary E. Riels, deceased v. Wal-Mart Stores East, LP;"* Civil Action No.

66CI1:25-CV-00012  and designed to remove that action to the United States District Court for

the Southern District of Mississippi, Southern Division.  This Notice of Removal was sent for

filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 18th day of July, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on 18th day of July, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Stone County, Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED this July 18, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
 mmd@delmar-law.com
Attorneys for DefendantWal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 18th[th] day of July, 2025.

Brennan J. Ducote
Morgan & Morgan, PLLC
4450 Old Canton Road
Suite 200
Jackson, MS 39211

*/s/ W. Pemble DeLashmet*
OF COUNSEL